IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ELLIS NIXON, | § | |
| | § | No. 96, 2022 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID Nos. 2105000286 (N) |
| Appellee. | § | 2104015665 (N) |
| | § | 2105000006 (N) |

Submitted: July 28, 2022
Decided: August 2, 2022

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## ORDER

After consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, the State's response, and the record on appeal, it appears to the Court that:

(1) On December 8, 2021, the appellant, Ellis Nixon, resolved four sets of criminal charges by pleading guilty to one count of stalking, two counts of contempt of a domestic violence protection order, one count of terroristic threatening, and one count of noncompliance with bond. Following a presentence investigation, the Superior Court sentenced Nixon to an aggregate of seven years of Level V incarceration, suspended after two years for decreasing levels of supervision. This is Nixon's direct appeal.

(2) Nixon's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that, after a conscientious review of the entire record and the law, she has concluded that this appeal is wholly without merit. Nixon's attorney informed Nixon of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Nixon of his right to supplement his attorney's presentation. Nixon has not raised any issues for the Court's consideration. The State has responded to the position taken by Nixon's counsel and has moved to affirm the Superior Court's judgment.

(3) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold. First, the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably be raised on appeal.[1] Second, the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]

(4) The Court has reviewed the record carefully and has concluded that Nixon's appeal is wholly without merit and devoid of any arguably appealable

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[2] *Penson*, 488 U.S. at 81-82.

issues. We also are satisfied that Nixon's counsel has made a conscientious effort to examine the record and the law and has properly determined that Nixon could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. Counsel's motion to withdraw is moot.

BY THE COURT:


*/s/ Gary F. Traynor*
Justice

3